Octave Martel v. Commissioner.
Martel v. Commissioner
Docket No. 51812.
United States Tax Court
T.C. Memo 1956-62; 1956 Tax Ct. Memo LEXIS 234; 15 T.C.M. (CCH) 289; T.C.M. (RIA) 56062; March 15, 1956
*234 Richard W. Rowe, Esq., 193 Middle Street, Portland, Me., for the petitioner. Joseph Landis, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in the income taxes of petitioner together with additions under section 293(b) and section 294(d)(1)(A) of the Internal Revenue Code for the years 1946, 1947, 1948 and 1949. On brief he concedes that there are no deficiencies in income tax and no additions for the year 1946. There remain at issue in this proceeding deficiencies and additions as follows: Additions
Additions
to Tax
to Tax
Sec. 293(b)
Sec. 294(d)
Year
Income Tax
(1)(A)
1947
$1,456.37
$728.18
$233.21
1948
384.70
192.35
57.16
1949
434.30
217.15
69.24
Findings of Fact Petitioner is an individual residing at Biddleford, Maine. His returns for the periods here involved were filed with the collector for the district of Maine. For the years 1946 to 1949, inclusive, petitioner filed individual income tax returns which showed as the only income salary from Saco-Lowell Shops, in the following respective amounts: $3,400.65, $3,772.64, *235 $4,073.84 and $2,746.57. Petitioner's net worth, exclusive of cash on hand as of January 1, 1946, and December 31, 1946, through 1949 has been stipulated to be as follows: Assets
1/1/46
12/31/46
12/31/47
12/31/48
12/31/49
Cash in banks
$2,004.50
$ 3,065.25
$ 3,353.19
$ 3,478.92
$ 3,937.08
Real Estate
Land
1,000.00
1,000.00
1,000.00
1,000.00
1,000.00
Building
6,429.66
9,791.61
10,141.61
Bonds (U.S. Savings)
6,093.75
6,281.25
6,281.25
6,281.25
6,281.25
Personal Effects
Automobile
1,983.45
Furniture
200.00
200.00
200.00
200.00
200.00
Total Assets
$9,298.25
$10,546.50
$17,264.10
$20,751.78
$23,543.39
Liabilities
Mrtg. Payable
Loans Payable
Notes Payable
Net Worth
$9,298.25
$10,546.50
$17,264.10
$20,751.78
$23,543.39
Petitioner is of French Canadian extraction, is uneducated and speaks and understands English poorly. He has been gainfully employed in this country since at least 1924. In that year he was married. In 1945 he adopted a baby. He and his wife live with extreme frugality. During the taxable years their annual living expenses were not in excess of $1500. In 1947 petitioner became *236 a distributor of lottery tickets. He carried on this activity during the taxable years in addition to his regular employment with Saco-Lowell Shops. The retail price of each ticket was 50 cents. He received these tickets each week from "the boss". For each ticket which he disposed of he remitted to "the boss" 38 cents. Most of the tickets he disposed of to dealers who paid to petitioner 40 cents for each ticket they sold. Some tickets he sold directly to the gambling customer for 50 cents. Thus, on the tickets which he sold "at wholesale" he made a profit of 2 cents, and on those which he sold "at retail" he made a profit of 12 cents each. During each of the taxable years he earned a profit from this activity of $205. Prior to the taxable years petitioner had accumulated considerable cash savings not reflected in the net worth statement above set forth. The construction of his house during the taxable years referred to as "Real Estate-Building" in the net worth statement and his acquisition of an automobile in 1949 were paid for from these accumulated cash savings and his current savings during the taxable years. Petitioner understated his income for each of the taxable years in *237 the amount of $205. The deficiencies resulting therefrom are due to petitioner's fraud with intent to evade tax. There is no evidence that petitioner filed a declaration of estimated tax for any of the taxable years and no evidence that his failure to file such declarations was due to reasonable cause. Opinion KERN, Judge: All of the issues in this case are factual and have been resolved in our findings. The remarkable feature of this proceeding is its unimportance. Petitioner is perhaps one of the smallest gambling operators ever to figure as a principal in litigation in this Court. The testimony adduced by respondent indicates that petitioner had unreported income from the sale of lottery tickets of $1.80 a week during the taxable years. From petitioner's own testimony we have decided that he had additional income from this source and that his total annual income from his "racketeering" activity was $205. This, together with his reported wages from Saco-Lowell Shops constituted all his income during the taxable years. No other source of income is suggested by the record. Accordingly, any additional money required by petitioner to pay for his house and car could only come *238 from past savings. In many cases we view with skepticism the self-serving testimony of taxpayers against whom deficiencies have been determined by use of the net worth and expenditures method to the effect that they had large amounts of cash secreted and lived for next to nothing; but in the instant case our estimate of the petitioner based upon the testimony in the case, as being hard-working and frugal to the point of avaricious stinginess for over 20 years, coupled with the impossibility, on the record, of finding a clue to any unreported income other than the sale of lottery tickets, leads us to the conclusion that he had cash savings not disclosed in the net worth figures. Decision will be entered under Rule 50.